5590-13
KEF/tlp

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PAUL RAYMOND FARROW JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 17-cv-2086 |
| ) | |
| CHAMPAIGN COUNTY SHERIFF'S OFFICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

NOW COMES the Defendant, CHAMPAIGN COUNTY SHERIFF'S OFFICE, by KEITH E. FRUEHLING of Heyl, Royster, Voelker & Allen, its attorneys, and for its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

1. Plaintiff, Paul Raymond Farrow, Jr. (herein "Plaintiff"), filed his pro-se Complaint on April 10, 2017, in the United States District Court, Central District of Illinois. (Complaint).

2. On May 25, 2017, this Court entered an Order pursuant to 28 U.S.C. § 1915A, finding merit in allowing Plaintiff to pursue a claim for violations of his Fourth Amendment rights under Section 1983, against the Defendant, Champaign County Sheriff's Office (herein "Defendant"). (Merit Review Order).

3. Federal Rule of Civil Procedure 12(b)(6) permits a Motion to Dismiss for failing to state a claim for which relief can be granted. To state such a claim, Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of

what. . . the claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

4. The complaint must actually "suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.* (Citation omitted).

5. Plaintiff has failed to plead facts that would lead to a possibility of recovery against Defendant for two reasons. First, Plaintiff cannot maintain a claim for vicarious liability under Section 1983 against municipal entity Champaign County Sheriff's Office, regardless of facts elicited through discovery. Second, upon information and belief, the individual defendants Plaintiff claims violated his rights are not affiliated with the Champaign County Sheriff's Office, and discovery directed toward Defendant would not lead to the identification of proper parties, who are not associated with Defendant.

6. It is well established that municipalities and other local government entities cannot be held liable under Section 1983 under a *respondeat superior* theory. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978); *Thompson v. Boggs*, 33 F.3d 847, 859 n. 11 (7th Cir. 1994).

7. Plaintiff was allowed to proceed with Fourth Amendment Section 1983 claims against the Defendants. Specifically, the Court authorized a claim for unlawful search and/or seizure to proceed under the Fourth Amendment to the United States Constitution. However, Plaintiff cannot recover against this Defendant, a municipal entity, for the alleged actions of its employees.

8. Plaintiff does not plead facts consistent with a Section 1983 policy violation, which is the only potential avenue for recovery against Defendant under Section 1983.

9. Further, conducting discovery with Defendant will not lead to the individuals who Plaintiff identifies as the unknown individual defendants who allegedly violated his Fourth Amendment rights.

10. Plaintiff alleges he was assaulted by law enforcement officer(s) at Esquire bar in Champaign, Illinois, which lies within the city limits of the City of Champaign.

11. This location is outside the normal jurisdiction of Defendant, and would normally fall under the jurisdiction of the City of Champaign Police Department. Further, upon information and belief, the police officers who allegedly arrested Defendant, leading to the present cause of action, were not affiliated with Defendant.

12. Therefore, conducting discovery against Defendant to pursue the individual defendants, who are presently unknown, will prove fruitless and/or extremely inefficient.

13. Defendant is entitled to dismissal, as no facts allege any policy issues that relate to any Fourth Amendment violation. Further, facts elicited through discovery will neither lead to recovery against it, nor to any proper individual defendants alleged to have violated Plaintiff's rights. As such, Plaintiff lacks the possibility of any relief against Defendant, and Rule 12(b)(6) requires dismissal of Defendant.

WHEREFORE, the Defendant, CHAMPAIGN COUNTY SHERIFF'S OFFICE, respectfully requests this Honorable Court enter an Order dismissing Defendant from this suit, with prejudice, and for any other and further relief this Honorable Court deems just and proper.

Respectfully submitted,

CHAMPAIGN COUNTY SHERIFF'S OFFICE,
Defendant

BY: s/Keith E. Fruehling
Keith E. Fruehling
HEYL, ROYSTER, VOELKER & ALLEN
ARDC #: 6216098
301 North Neil Street, Suite 505
P. O. Box 1190
Champaign, IL  61824-1190
Telephone: 217.344.0060
Facsimile: 217.344.9295
E-Mail: kfruehling@heylroyster.com

32599195_1